UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CELLINO LAW LLP, and
CELLINO & BARNES, P.C.,

      Plaintiffs,

  -v-

GOLDSTEIN GRECO, P.C.,
BRIAN GOLDSTEIN, ESQ., and
ALEXANDER GRECO, ESQ.,

      Defendants.
_____

THE BARNES FIRM, P.C.,

      Plaintiff,

  -v-

GOLDSTEIN GRECO, P.C.,
BRIAN GOLDSTEIN, ESQ., and
ALEXANDER GRECO, ESQ.,

      Defendants.
_____

**DECISION AND ORDER**

1:23-CV-00965 EAW

## INTRODUCTION

      These consolidated actions arise out of disputes over the allocation of attorneys' fees between the lawyers and law firms of Cellino Law LLP ("Cellino Law") and Celino & Barnes, P.C. ("Cellino & Barnes") (collectively "Cellino Plaintiffs") and The Barnes Firm, P.C. ("Barnes Plaintiff") (collectively with Cellino Plaintiffs as "Plaintiffs"), and Goldstein Greco, P.C. ("Goldstein Greco"), Brian Goldstein, Esq. ("Defendant Goldstein"), and Alexander Greco, Esq. ("Defendant Greco") (collectively "Defendants").

The actions were commenced in New York State Supreme Court, Erie County, and removed to federal court by Defendants on September 13, 2023. (Dkt. 1).

Before the Court is Plaintiffs' joint motion to remand. (Dkt. 8). For the reasons below, Plaintiffs' motion is granted.

## BACKGROUND

The following facts are drawn from Plaintiffs' complaints (Dkt. 2-14; Dkt. 3-13), the notice of removal (Dkt. 1), and the documents submitted in connection with the instant motion to remand.[1]

Defendant Goldstein and Defendant Greco are attorneys who worked at the law firm of Cellino & Barnes for a number of years. (Dkt. 2-14 at ¶ 15; Dkt. 3-13 at ¶ 23). The named partners of Cellino & Barnes began dissolution proceedings for the Cellino & Barnes firm in 2017, and litigation between them ensued through 2020. (Dkt. 2-14 at ¶ 17;

---

[1] In resolving this motion to remand, the Court treats all facts alleged in the complaints as true. *See Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205-06 (2d Cir. 2001) ("A case is removable when the initial pleading enables the defendant to intelligently ascertain removability from the face of such pleading, so that in its petition for removal, the defendant can make a short and plain statement of the grounds for removal as required by 28 U.S.C. § 1446(a)."); *see also Deutsche Bank Nat'l Tr. Co. v. LeTennier*, No. 3:24-CV-00564 (BKS/ML), 2024 WL 3043429, at *1 (N.D.N.Y. June 18, 2024) ("When considering a motion to remand, the district court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff." (quotation and citation omitted)). The Court also may consider documents submitted in connection with a motion to remand. *See Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010) ("if subject matter jurisdiction is contested, courts are permitted to look to materials outside the pleadings," including "documents appended to a notice of removal or a motion to remand that convey information essential to the court's jurisdictional analysis"); *see also Wachtell, Lipton, Rosen, & Katz v. CVR Energy, Inc.*, 18 F. Supp. 3d 414, 416 n.2 (S.D.N.Y. 2014) (relying on, in addition to the complaint, documents submitted in connection with removal and the motion to remand).

Dkt. 3-13 at ¶¶ 25, 26). Upon the dissolution of Cellino & Barnes, Defendant Goldstein and Defendant Greco elected to join the newly formed Cellino Law. (Dkt. 2-14 at ¶ 32; Dkt. 3-13 at ¶ 40). About two years later, Defendant Goldstein and Defendant Greco left Cellino Law and formed the firm of Goldstein Greco, which was opened on October 1, 2022. (Dkt. 2-14 at ¶ 45; Dkt. 3-13 at ¶¶ 51, 52).

Following the departure of Defendant Goldstein and Defendant Greco, a dispute arose between Cellino Plaintiffs and Defendants concerning the allocation of attorneys' fees for a wrongful death matter settled by Goldstein Greco. (Dkt. 2-14 at ¶¶ 78, 79). Cellino Plaintiffs commenced the instant litigation on March 31, 2023, in New York Supreme Court, Erie County, seeking the case disbursements and 100% of the attorneys' fees from that matter. (Dkt. 2-1).

On June 28, 2023, Cellino Plaintiffs amended their complaint to allege that before their departure from Cellino Law, Defendant Goldstein and Defendant Greco engaged in surreptitious solicitation and pirating of numerous firm clients, misappropriated law firm assets, misused confidential information, and engaged in self-interested transactions to the injury of Cellino Plaintiffs. (Dkt. 2-14 at ¶ 54; Dkt. 3-13 at ¶ 53). Cellino Plaintiffs asserted claims against Defendants for: (1) a declaration of a charging lien for the wrongful death matter; (2) a declaration of a charging lien for all other wrongfully solicited cases; (3) breach of Cellino Law employment agreements; (4) breach of restrictive covenants; (5) breach of contract/third-party beneficiary; (6) breach of implied covenant of good faith and fair dealing; (7) breach of loyalty/faithless servant doctrine; (8) breach of fiduciary duties; (9) tortious interference of contract as to Cellino Law; (10) tortious interference of contract

as to Cellino & Barnes; (11) unfair competition and misappropriation; (12) tortious interference with business relationships; (13) common law trademark infringement and unfair competition; (14) use of name with intent to deceive in violation of N.Y. Gen. Bus. Law § 133; (15) unfair business practices in violation of N.Y Gen. Bus. Law § 349; (16) unjust enrichment; (17) breach of demand note; (18) breach of Cellino Law employment agreement by Defendant Goldstein; and (19) unjust enrichment.  (Dkt. 2-14).  On June 27, 2023, Defendants filed four petitions for counsel fees in settled cases in federal court Multi District Ligation ("MDL") matters where they were counsel of record.  (Dkt. 1 at ¶ 5).

On July 7, 2023, Barnes Plaintiff filed its own action against Defendants based on allegations similar to those made by Cellino Plaintiffs.  Barnes Plaintiff asserted claims against Defendants for: (1) a declaration and establishment of charging liens for cases solicited by Defendants; (2) breach of Cellino Law employment agreements; (3) breach of Cellino & Barnes employment agreement and restrictive covenants; (4) breach of contract/third-party beneficiary; (5) breach of implied covenant of good faith and fair dealing; (6) tortious interference with Cellino Law's contract; (7) tortious interference with Cellino & Barnes and Barnes Plaintiff's contracts; (8) unfair competition and misappropriation; and (9) unjust enrichment.  (Dkt. 3-13).

By email dated August 15, 2023, Defendants were provided information as to the specific cases Plaintiffs are contending are implicated by the two actions.  (Dkt. 1 at ¶ 10). The list included 7 cases associated with Cellino & Barnes, 18 with Cellino Law, and 661 with the Barnes Firm.  (*Id.*).  While some of the cases involving the Cellino Plaintiffs relate to state court actions, the 661 cases involving the Barnes Plaintiff are cases being

prosecuted across 15 different federal court MDL matters. On August 28, 2023, the two actions were consolidated by stipulation of the parties. (*Id.* at ¶ 9).

## **PROCEDURAL HISTORY**

Cellino Plaintiffs' action was filed on March 21, 2023, in New York Supreme Court, Erie County. (Dkt. 2-1). On June 28, 2023, Cellino Plaintiffs amended their complaint to assert additional claims. (Dkt. 2-14). The Barnes Plaintiff filed its action on July 7, 2023, in New York Supreme Court, Erie County. (Dkt. 3-13). On August 28, 2023, the two actions were consolidated. (Dkt. 1 at ¶ 9 n.2). On September 13, 2023, Defendants filed a notice of removal. (Dkt. 1). In it, they indicate that removal is sought pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and 1446. (*Id.* at 1).

Plaintiffs filed the instant motion to remand to state court on October 12, 2023. (Dkt. 8). Defendants opposed the motion on November 30, 2023 (Dkt. 11)[2], and filed a notice of supplemental authority on December 6, 2023 (Dkt. 12). Plaintiffs submitted their reply on December 15, 2023, (Dkt. 13; Dkt. 14), and a notice of supplemental authority on July 23, 2024 (Dkt. 16).

---

[2] In opposition to the motion to remand, Defendants did not file a memorandum of law. Instead, Defendants filed a declaration from counsel. (Dkt. 11). The declaration from counsel violates this Court's Local Rules. Local Rule 7(a)(3) states in pertinent part: "An affidavit, declaration, or affirmation must not contain legal arguments, but must contain factual and procedural background relevant to the motion it supports." The declaration submitted by Defendants contains improper legal argument. Nonetheless, the Court has considered Defendants' submission in opposition to the motion to remand.

## DISCUSSION

### I.  Legal Standard for Remand

28 U.S.C. § 1447(c) authorizes federal courts to remand a case "'on the basis of any defect in removal procedure' or because 'the district court lacks subject matter jurisdiction.'" *LaFarge Coppee v. Venezolana De Cementos, S.A.C.A.*, 31 F.3d 70, 72 (2d Cir. 1994) (quotation and citation omitted)). "Removal jurisdiction must be strictly construed, both because federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns." *In re NASDAQ Market Makers Antitrust Litigation*, 929 F. Supp. 174, 178 (S.D.N.Y. 1996); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."). On a motion to remand, the burden is on the party seeking to maintain the matter in federal court to demonstrate that removal was proper. *Hodges v. Demchuk*, 866 F. Supp. 730, 732 (S.D.N.Y. 1994); *see also Blockbuster, Inc. v. Galeno,* 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction."). Moreover, "the party seeking remand is presumed to be entitled to it unless the removing party can demonstrate otherwise," *Bellido-Sullivan v. Am. Int'l Grp., Inc.*, 123 F. Supp. 2d 161, 163 (S.D.N.Y. 2000), and "[a]ny doubts as to removability should be resolved in favor of remand," *Payne v. Overhead Door Corp.*, 172 F. Supp. 2d 475, 477 (S.D.N.Y. 2001).

## II. <u>Subject Matter Jurisdiction</u>

"[A] prerequisite for removal jurisdiction is that the court has the power to exercise original jurisdiction." *Town of Southold v. Go Green Sanitation, Inc.*, 949 F. Supp. 2d 365, 370 (E.D.N.Y. 2013). "District courts have original jurisdiction over cases where a federal question exists and of certain cases involving complete diversity of citizenship." *Brice v. Costco Wholesale Corp.*, No. 1:23-CV-7857-GHW, 2024 WL 2783895, at *3 (S.D.N.Y. May 28, 2024).

Here, although Defendants cite the statute governing diversity jurisdiction in their notice of removal, 28 U.S.C. § 1332(a) (Dkt. 1 at 1, 8), the Court indisputably does not have diversity jurisdiction, as all parties appear to be citizens of New York. Accordingly, the relevant inquiry is whether federal question jurisdiction exists pursuant to 28 U.S.C. § 1331.

"The Section 1331 federal question determination requires a limited inquiry, looking only at the Plaintiff's original cause of action to ascertain whether it includes a federal question while ignoring any and all answers, defenses and counterclaims." *Town of Southold*, 949 F. Supp. 2d at 370; *Barone v. Bausch & Lomb, Inc.*, 372 F. Supp. 3d 141, 146 (W.D.N.Y. 2019) ("In determining whether removal based upon federal question jurisdiction is proper, the 'well-pleaded complaint rule' typically governs, which requires a court to consider only allegations in the complaint and not matters raised by the defendant in defense." (citations omitted)). These general principles notwithstanding, there are situations "in which a complaint that does not allege a federal cause of action may nonetheless 'aris[e] under' federal law for purposes of subject matter jurisdiction."

*Fracasse v. People's United Bank*, 747 F.3d 141, 144 (2d Cir. 2014). "For a state law claim to fall within this 'slim category,' the embedded federal issue must be '(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.'" *Link Motion Inc. v. DLA Piper LLP*, 103 F. 4th 905, 912 (2d Cir. 2024) (quoting *Gunn v. Minton*, 568 U.S. at 251, 258 (2013)).

Here, the claims asserted in Plaintiffs' complaints are all state law-related claims and Defendants do not argue otherwise. *See, e.g., Jones v. Caillec*, No. 24-CV-0689 (LTS), 2024 WL 2978611, at *3 (S.D.N.Y. June 10, 2024) ("Here, Plaintiff does not allege any facts demonstrating a viable federal claim. His allegations of breach of contract arise under state law."); *Brettschneider v. City of New York*, No. 15-CV-4574-CBA-SJB, 2020 WL 5984340, at *5 (E.D.N.Y. Aug. 25, 2020) (holding that dispute over attorneys' fees among counsel did not present federal question and could only be heard if the dispute was within the Court's ancillary jurisdiction or there was a basis to reopen the case and there was supplemental jurisdiction over the state-law claims, neither of which were applicable), *report and recommendation adopted*, 2020 WL 5981681 (E.D.N.Y. Oct. 8, 2020); *Slingbaum v. M&T Bank Corp.*, No. 18-CV-47-LJV-MJR, 2018 WL 7954879, at *3 (W.D.N.Y. May 4, 2018) ("Federal question jurisdiction is lacking here because the gist of plaintiffs' complaint is that defendants breached their fiduciary duties to plaintiffs, and fiduciary duty claims generally arise under state law, not federal law."), *report and recommendation adopted*, 2019 WL 1507322 (W.D.N.Y. Apr. 6, 2019); *Gonzalez v. Gannett Satellite Info. Network, Inc.*, No. 93-CV-0625, 1996 WL 211776, at *1 (N.D.N.Y.

Mar. 7, 1996) ("Even a cursory review of plaintiff's notice of removal . . . reveals that this Court is without subject-matter jurisdiction to adjudicate the disputed issues. While plaintiff is correct that the case is tangentially related to this federal action, it must be analyzed as a distinct and separate case in order to determine whether plaintiff's removal was proper. Standing alone, neither diversity nor a federal question is present; the suit is a state law action for the recovery of attorneys' fees, and nothing more."). The matters at issue in this case consist of disputes among counsel over the allocation of fees and alleged breaches of employment agreements and fiduciary duties, which do not implicate federal law, nor is any federal issue substantial or in dispute in this litigation.

While the Court recognizes that Defendants vehemently oppose the merit of Plaintiffs' claims, the adequacy or inadequacy of Plaintiffs' state law causes of action is not material to whether a federal question is presented, which is what is required to invoke this Court's original jurisdiction. *See H.M.G. v. Johnson*, 599 F. App'x 396, 398 (2d Cir. 2015) ("[T]he jurisdictional inquiry is ordinarily distinct from an assessment of the viability of the underlying claim[.]"). Nor does the fact that some of the cases for which attorneys' fees are disputed concern matters pending in other federal courts give this Court original jurisdiction over the instant claims. *See Link Motion Inc.*, 103 F. 4th at 913 (rejecting argument that legal malpractice case presented federal question where it arose from federal court litigation, holding that "[t]he federal law standing issue embedded in LKM's state malpractice claim, however important to DLA Piper in this particular action, lacks the sort of significance *to the federal system as a whole* warranting the exercise of federal jurisdiction").

Nonetheless, Defendants contend that removal is proper pursuant to principles of ancillary jurisdiction. "[T]he doctrine of ancillary jurisdiction . . . recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). "It is well settled that a federal court may, in its discretion, exercise ancillary jurisdiction to hear fee disputes . . . between litigants and their attorneys when the dispute relates to the main action." *Davis v. Espinal-Vasquez*, No. 21-CV-7819 (KMK), 2024 WL 1194715, at *2 (S.D.N.Y. Mar. 20, 2024) (quoting *Levitt v. Brooks*, 669 F.3d 100, 103 (2d Cir. 2012)); *see also Kaplan v. Reed Smith LLP*, 919 F.3d 154, 157 (2d Cir. 2019) ("Where a district court has original jurisdiction over a civil action, 'it retains ancillary jurisdiction after dismissal to adjudicate collateral matters such as attorney's fees.'"). "That power also covers fee dispute[s] between attorneys, including attorneys who have been discharged." *Id*. (quotation and citation omitted). "The Second Circuit has 'held that several non-exhaustive factors can weigh in favor of exercising ancillary jurisdiction[, including]: (1) familiarity with the subject matter of the suit, especially with the amount and quality of work performed by the attorneys; (2) a court's responsibility to protect officers of the court in such matters as fee disputes; (3) the convenience of the parties; and (4) judicial economy.'" *Doe v. United States*, No. 19-CV-1239(KAM)(PK), 2024 WL 1577926, at *3 (E.D.N.Y. Apr. 11, 2024) (quoting *Levitt,* 669 F.3d at 104)). None of those factors are present here.

As noted, importantly, this Court does not have original jurisdiction over the claims, a fact which is fatal to Defendants' reliance on principles of ancillary jurisdiction.

*Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002) ("[H]owever, a 'court must have jurisdiction over a case or controversy before it may assert jurisdiction over ancillary claims.'. . . Ancillary jurisdiction, therefore, cannot provide the original jurisdiction that petitioners must show in order to qualify for removal under § 1441." (quoting *Peacock v. Thomas*, 516 U.S. 349, 355 (1996))). But even if it did, this Court has no familiarly with the subject matter of the litigation and there are no elements of convenience or judicial economy that would warrant its retention of jurisdiction. Notably, it appears that each of the MDL courts where Defendants filed petitions have declined to exercise ancillary jurisdiction over these fee disputes and those courts have far more connection to the issues than the undersigned. (*See* Dkt. 8-2; Dkt. 12; Dkt. 13-1; Dkt. 16). In other words, even were the Court to have original jurisdiction over the claims, this would not be a circumstance where ancillary jurisdiction would appropriately be exercised.

In sum, because the Court concludes that Defendants have not met their burden of establishing the existence of this Court's jurisdiction, Plaintiffs' motion to remand is granted.

## III. Timeliness

Alternatively, Plaintiffs argue that remand is warranted because even if this case was appropriately subject to removal, Defendants' notice of removal was untimely filed. Again, the Court agrees.

A defendant must remove a case to federal court within 30 days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . or within 30 days after the service of summons upon the defendant if such initial pleading has

then been filed in court and is not required to be served on the defendant." 28 U.S.C. § 1446(b)(1). If the initial pleading is not removable, a defendant can file a notice of removal within 30 days after receiving "through service or otherwise, [] a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). A defendant must use a "reasonable amount of intelligence in ascertaining removability" but need not speculate or investigate beyond the initial pleading. *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 37 (2d Cir. 2010); *Walker v. James*, No. 23 CIV. 7895 (KPF), 2024 WL 3342226, at *5 (S.D.N.Y. July 8, 2024) (noting that "[t]o determine whether a party was on notice of the removability of an action as set forth in the removal statute, courts in the Second Circuit consider whether an objective reader, applying a 'reasonable amount of intelligence,' could have ascertained" that the case is removable (citing *Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 143-44 (2d Cir. 2014)). "It is well established that § 1446(b)'s thirty day filing period, while not jurisdictional, is mandatory and failure to comply with it will defeat a defendant's removal petition." *100 Great Meadow Rd. Assocs., LLC v. Cincinnati Ins. Co.*, No. 3:20-CV-00810 (AVC), 2020 WL 12188902, at *3 (D. Conn. Dec. 23, 2020) (quotation and citation omitted)).

Here, Cellino Plaintiffs' original action relating to the attorneys' fees for one wrongful death matter was filed on March 21, 2023. (Dkt. 2-1). On June 28, 2023, Cellino Plaintiffs amended their complaint to assert additional claims relating to other cases purportedly solicited by Defendants, including specific reference to mass tort matters. (Dkt. 2-14 at ¶ 62). The Barnes Plaintiff filed its action July 7, 2023, which also referenced

numerous solicited cases, including a reference to those involving mass tort. (Dkt. 3-13 at ¶ 62). It is disingenuous for Defendants to contend that it was not until August 15, 2023, when the specific list of cases was provided, that they became aware that some of the cases pending in federal courts were implicated. Indeed, Defendants themselves had already filed petitions in several of the MDL cases as early as June 27, 2023, seeking to resolve questions as to their entitlement to fees. (Dkt. 1 at ¶ 5). Consequently, under any calculation, Defendants' September 13, 2023, notice of removal was clearly outside the 30-day time limitation and provides an independent basis for remand of this matter.[3]

Accordingly, Plaintiffs' motion to remand is justified on this alterative basis.

## **CONCLUSION**

For the forgoing reasons, Plaintiffs' motion to remand (Dkt. 8) is granted, and the case is remanded to the New York State Supreme Court, County of Erie. The Clerk of Court is instructed to mail a certified copy of this Decision and Order, with a clear reference

---

[3] Plaintiffs also argue that Defendants waived their right to remove the action to federal court based on their participation in the state court litigation. "A court may find waiver of removal where a defendant has taken 'affirmative steps in state court that are inconsistent with removal.'" *Shukla v. Meta Platforms Inc.*, No. 23CIV10150(JGLC)(GS), 2024 WL 248775, at *5 (S.D.N.Y. Jan. 8, 2024) (quoting *Stemmle v. Interlake S.S. Co.*, 198 F. Supp. 3d 149, 165 (E.D.N.Y. 2016)), *report and recommendation adopted*, 2024 WL 247108 (S.D.N.Y. Jan. 23, 2024). The filing of a motion to dismiss, as Defendants did here (Dkt. 8-6), has been considered to support a finding of waiver. *See Guevara v. Delta Air Lines, Inc.*, No. 21CV664(ARR)(RER), 2021 WL 2548989, at *1 (E.D.N.Y. June 22, 2021) ("Courts are more likely to find a 'clear and unequivocal' intent in cases where the defendant took a 'substantial offensive or defensive action' such as filing a dispositive motion or a permissive counterclaim." (quoting *Bldg. Materials, Ltd. v. Paychex, Inc.*, 841 F. Supp. 2d 740, 752 (W.D.N.Y. 2012))). Because Defendants have not met their burden of establishing the threshold question of whether this Court has subject matter jurisdiction, the Court need not address this alternative basis for dismissal.

to Supreme Court, County of Erie, Index No.: 804192/2023 to the clerk of the state court, and then to close the case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: July 30, 2024
      Rochester, New York